DLD-312                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2967
_____

IN RE:  PEDRO CARRILLO,
                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Civ. No. 1-13-cv-00116)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 24, 2014

Before:  SMITH, HARDIMAN and KRAUSE, Circuit Judges

(Filed: August 4, 2014)
_____

OPINION
_____

PER CURIAM

Petitioner Pedro Carrillo seeks mandamus relief concerning his pending action in

the District Court of the Virgin Islands.  In December 2013, Carrillo filed a document

titled "Petition For Injunction Stopping Wrongful Retroactive Use And Application Of

Amendment To Parole Eligibility, Not Applicable To Petitioner. . .," naming the United

States Virgin Islands Bureau of Corrections as the defendant.  In April 2014, Carrillo

filed a "Petition Amending. . ." his earlier-filed petition.  In May 2014, Carrillo filed his

"Argument 2. . . Second Petition/Argument Challenging 2002/2010 Illegal Revocation of Parole. . . ," along with his motion to proceed in forma pauperis. About one month later, Carrillo filed this mandamus petition, asking us to compel the District Court to expeditiously adjudicate the pending documents that he filed in his case.[1]

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Meyers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). Ordinarily, a District Court has discretion in managing its case docket. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). However, some delays are so intolerable as to constitute a denial of due process or a failure by the District Court to exercise jurisdiction, and mandamus relief may be appropriate under those circumstances. See Madden, 102 F.3d at 79.

The delay in Carrillo's case does not warrant our intervention. Carrillo initiated his civil action in December 2013, and he filed additional arguments, along with his motion to proceed in forma pauperis, as recently as May 2014. Although there has been no action in his case since that time, we cannot conclude that Carrillo's situation is in any

---

[1] Carrillo also asks us to order the District Court to review his filings under "28 U.S.C. § 2241(3)(d)(3)." We note that no such provision currently exists in the United States Code.

2

way extraordinary or that he has shown a clear and indisputable right to mandamus relief. We are confident that the District Court will rule on the pending motions without undue delay, in light of Carrillo's allegations concerning his current eligibility for parole review.

Accordingly, we will deny the petition for a writ of mandamus.

3